(52 Misc. Rep. 456)

### PEARCE et al. v. WEIDEMEYER.

(Supreme Court, Appellate Term. February 4, 1907.)

PLEADINGS—MOTION TO MAKE MORE DEFINITE AND CERTAIN.

A counterclaim alleging that defendant retained plaintiffs to advise her whether she could legally sell certain mortgaged personal property situated in Missouri; that it was agreed that, if she could safely sell the property, plaintiffs would assist her in selling it; that the plaintiffs advised defendant· that the sale was legal; and that thereafter defendant introduced a proposed customer ready, willing, and able to buy the property, but that plaintiffs refused to have any interview with him, with the result that the customer believed the sale was illegal and refused to purchase—was not subject to a motion to be made more definite and certain by alleging that the proposed sale was legal under the laws of Missouri; that the proposed customer was ready, able, and willing to buy the property, free and clear of all liens or otherwise; and stating in detail the reasons which caused the proposed customer to refuse to purchase the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1174½.]

Appeal from City Court of New York, Special Term.

Action by Stanley D. Pearce and another against Elizabeth D. Weidemeyer. From an order of the Special Term of the City Court of the city of New York, defendant appeals. Reversed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Albert I. Sire, for appellant.

Charles D. Donohue, for respondents.

BLANCHARD, J. The plaintiffs brought action upon a foreign judgment, and the defendant set up in her answer a counterclaim stating that she retained the plaintiffs to advise her whether she could legally sell certain mortgaged personal property situated in Missouri; that it was agreed between the plaintiffs and the defendant that, in case they advised her that she could safely sell the property, they would assist her in selling it by imparting their legal opinion to any proposed customer the defendant might introduce to them; that the plaintiffs advised defendant that the sale was legal; and that thereafter the defendant introduced a proposed customer ready, willing, and able to pay $7,000 for the property, but that the plaintiffs refused to have any interview with him, with the result that the customer believed that the sale was illegal, and consequently refused to purchase. By an

order of the City Court, the defendant was directed to make her counterclaim more definite and certain by alleging that the proposed sale was legal under the laws of Missouri, by alleging whether the proposed customer was ready, able, and willing to buy the property free and clear of all liens, or otherwise, and by stating in detail the reasons which caused the proposed customer to refuse to purchase the property. Appeal is taken from this order.

The legality of the proposed sale is not relevant to the cause of action set up in the counterclaim. The cause of action there alleged is not a contract of sale, but a contract to give a legal opinion, and the correctness of the opinion is irrelevant to the issue. The direction that the defendant state whether the proposed customer was ready, willing, and able to buy the property free and clear of all liens requires an unnecessary particularity in the counterclaim, unless, as the learned court below apparently believed, the legality of a sale free from liens was relevant to the cause of action. From what has already been stated, it is clear that this fact is irrelevant. The reasons which caused the proposed customer to refuse to complete his sale have already been sufficiently stated in the counterclaim, and greater detail in stating these reasons seems unnecessary in pleading.

For these reasons, therefore, the order must be reversed, with $10 costs and disbursements. All concur.